UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ELLMAN, | : | CIVIL ACTION NO. 3:CV-14-1304 |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| Warden MOTTER, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On July 8, 2014, Plaintiff, an inmate formerly confined in the Centre County Correctional Facility, Bellefonte, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named Defendants are the following employees of the Clinton County Prison: Warden Jacqueline Motter (Warden Motter), Deputy Warden Wayne Bechdel (Deputy Warden Bechdel) and Lieutenant Adam Smith (Lieutenant Smith); and the following employees of Centre County Correctional Facility: Warden Richard Smith (Warden Smith), Deputy Warden Melanie Gordon (Deputy Warden Gordon), and Deputy Warden Joseph Koleno (Deputy Warden Koleno), and Ashley Buchman PA, (PA Bauchman), an unnamed On-Call Doctor, (Doctor), Hidie Starr (Starr) and Nurse Dawn (Dawn) of Prime Care Medical, Inc. (Prime Care).

Plaintiffs states that when he entered Clinton County Correctional Facility on February 13, 2013, he "informed the nurse that [he] was a Vegan and that [he is] in need of glass[es]." (Doc. 1, complaint). Ellman claims that when he came into prison he was "two hundred pounds, lost forty pounds and [he] was so weak that [he] could not get out of bed." Id. He alleges that "nothing was done until two weeks before [he] was scheduled to go home" and "by that time no one cared." Id.

On June 10, 2013, Ellman returned back to Clinton County Correctional Facility, where he claims he "continued to lose weight since being back." Id. He states "it took tow months for Prime Care Inc. to do anything" and that he was "supposed to be receiving double portions, but some days [he] didn't." Id. He claims that he "still has not gotten [his] weight back and Prime Care Inc. does not care." Id.

Ellman states that he was "seen by the doctor from Prime Care Inc., but they refuse to send [him] to an eye doctor and told [him] [he] should buy reading glassed from the store which cost ten dollars the [he doesn't' have." Id. As a result, he continues to get bad headaches. Id.

For relief, Plaintiff seeks damages as well as requesting that he "would like both County Facilities to be held accountable for what they did to [him] and what they wouldn't do and continue to do." Id.

On November 17, 2014, motions to dismiss, and supporting briefs, were filed by Defendants Warden Motter, Deputy Warden Bechdel, Lieutenant Smith, Warden Smith, Deputy Warden Gordon, and Deputy Warden Koleno. (Docs. 15, 16).

On November 24, 2014, Defendants PA Bauchman, Hidie Starr and Nurse Dawn filed a motion to dismiss, (Doc. 22) and on December 5, 2014, Defendant Assistant Doctor on Call and Prime Care Medical, Inc. filed a motion to dismiss. (Doc. 25). On December 5, 2014, a combined brief in support of all the medical Defendants' motions to dismiss was filed. (Doc. 26).

By Order dated March 20, 2015, the Court directed Plaintiff to file a brief in opposition to Defendants' motions on, or before, April 10, 2015. (Doc. 29, Order). The Court forewarned Plaintiff that his failure to communicate with the Court within twenty (20) days would result in dismissal of Plaintiff's case. Id. The time for filing a response has now passed and Plaintiff has failed to respond. Ellman has not communicated with the Court on this matter since his last filing on December 12, 2014.[1] Further, more than five months have passed since Ellman's opposition to Defendants' motions to dismiss was due, and he has neither filed his

---

[1] On December 12, 2014, Plaintiff filed a letter with the court, expanding upon the issues raised in his complaint. (See Doc. 27, letter).

opposition, nor requested an enlargement of time within which to do so. A subsequent telephone inquiry to the Centre County Correctional Facility by this Court revealed that Ellman was released on March 30, 2015. For the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

**Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address.  Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing.  If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Ellman's last communication with this Court was the filing of a letter on December 12, 2014.  (See Doc. 27).  Ellman has not communicated with the court since the filing of this motion. The record clearly indicates that he has been released from the Centre County Correctional Facility.  Thus, it is reasonable to conclude that Ellman has abandoned this suit.  Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed. A separate Order will be issued.


Dated: May 20, 2015              /s/William J. Nealon
                                 **United States District Judge**

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ELLMAN, | : | CIVIL ACTION NO. 3:CV-14-1304 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| Warden MOTTER, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW, THIS 20th DAY OF MAY, 2015**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. This action is **DISMISSED** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

      /s/ William J. Nealon
      **United States District Judge**